David J. McGlothlin, Esq. (OSB: 165634)
david@westcoastlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile: (602) 230-4482

Attorney for Plaintiff
Evan Hartly and Michelle Hartly

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

[PORTLAND DIVISION]

| | |
|---|---|
| Evan Hartly and Michelle Hartly, | Case No. 3:17-cv-1172 |
| Plaintiffs, | PLAINTIFFS' COMPLAINT FOR DAMAGES |
| v. | DEMAND FOR JURY TRIAL |
| Firstsource Advantage, LLC; and American Express Company, | |
| Defendants. | |

**Introduction**

1.  Evan Hartly and Michelle Hartly ("Plaintiffs"), brings this Complaint for damages, and any other available legal or equitable remedies, resulting from the illegal actions of Firstsource Advantage, LLC {"Firstsource") and American Express Company ("Amex" or  jointly referred to as "Defendants"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy Plaintiffs allege as

follows upon personal knowledge as to their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## Purpose of the TCPA

2.    The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.    In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.    Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also*, *Mims*,

132 S. Ct. at 744.

5.    As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## Jurisdiction and Venue

6.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 47 U.S.C. §227(b).

7.    Venue is proper in the United States District Court for the District of Oregon pursuant to 18 U.S.C. § 1391 because the events giving rise to this lawsuit occurred within this judicial district.

## Parties

8.    Plaintiffs are, and at all times mentioned herein were, residents of the City of Lake Oswego, County of Clackamas, State of Oregon.

9.    Plaintiffs are, and at all times mentioned herein were, a "person" as defined by 47 U.S.C. § 153 (39).

10.    Defendants are, and at all times mentioned herein were, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).

11.    At all times relevant, Defendants conducted business in the State of Oregon and in the County of Clackamas, within this judicial district.

**Factual Allegations**

12.  Defendants contends that Plaintiff Evan Harlty ("Evan") signed up for Defendant Amex's credit card ("Credit Card").

13.  Plaintiffs began to receive phone calls from Defendant AMEX related to Evan's alleged account from numbers including 866-280-1853.

14.  Plaintiffs then began receive phone calls from Defendant Firstsource related to Evan's alleged Amex account from numbers including 877-426-5514.

15.  Plaintiffs made requests verbally and in writing for Defendants to stop calling their cell phones thereby revoking consent.

**TCPA Violations**

16.  Despite Plaintiffs' request, Defendants continued to call Plaintiffs on Plaintiffs' cellular telephone numbers ending in 9608 and 9315 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

17.  Some of the calls answered by the Plaintiffs and placed by Defendants had: (1) pre-recorded voice message; or (2) a standard pause and gap before a live operator was available.  Consequently, many, if not all, of the calls made by Defendants to Plaintiffs on their Cellular Phones were made using an ATDS and/or artificial or prerecorded voice.

18.  Upon information and belief, Plaintiffs contend that the ATDS used by the Defendants had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19.  Plaintiffs estimates that they have received over one hundred (100) calls from the Defendants since they had first revoked consent to be called.

20.  The telephone number Defendants called was assigned to a cellular telephone service for which Plaintiffs incurs a charge for incoming calls pursuant to 47

U.S.C. § 227(b)(1).

21. The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. Plaintiffs did not provide Defendants or its agent(s) prior express consent to receive the calls to their cellular telephone for many if not all of the calls received by them, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

23. The telephone calls by Defendants, or its agent(s), violated 47 U.S.C. § 227(b)(1).

24. Through this action, Plaintiffs suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

25. Plaintiffs were personally affected because they were frustrated and distressed that despite them telling Defendants to stop calling on their cell phone, Defendants continued to harass Plaintiffs with calls using an ATDS.

26. Defendants' calls forced Plaintiffs to live without the utility of her cellular phones by forcing Plaintiffs to silence their cellular phones and/or block incoming numbers.

### First Cause of Action

### Against All Defendants

### Negligent Violations Of The

### Telephone Consumer Protection Act (TCPA)

### 47 U.S.C. 227

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

29. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

30. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**Second Cause of Action**

**Against All Defendants**

**Knowing and/or Willful Of The**

**Telephone Consumer Protection Act (TCPA)**

**47 U.S.C. 227**

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Plaintiff made several requests for Defendant to stop calling his cell phone.

33. Each call after Plaintiff revoked consent, constitute a knowing and/or willful violation of the TCPA.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

35. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

36. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Prayer For Relief

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### First Cause of Action for Negligent Violation of
### the TCPA, 47 U.S.C. § 227 Et Seq.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### Second Cause of Action For Knowing and/or Willful Violations of
### the TCPA, 47 U.S.C. § 227 Et Seq.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### Trial By Jury

37. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 27, 2017

/s/ David J. McGlothlin
David J. McGlothlin, OSB 165634
Attorney for Plaintiff